884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney BRANHAM, Plaintiff-Appellant,
v.
John SPURGIS, Defendant-Appellee.
 No. 89-1202.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's order denying his motion for preliminary injunctive relief. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a complaint filed under 42 U.S.C. Sec. 1983, Rodney Branham alleged that defendant denied him due process at a disciplinary hearing. Through his motion for preliminary relief, Branham sought to remove from his record the reports which resulted from the allegedly improper proceeding. The district court determined that Branham would not be irreparably harmed in the absence of the injunction and denied the motion.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion. See Glover v. Johnson, 855 F.2d 277, 282 (6th Cir.1988).
 
 
 4
 Generally, there are four factors to be considered in determining whether the grant or denial of a preliminary injunction was an abuse of discretion: irreparable harm to the moving party in the absence of the injunction, likelihood of success on the merits, impact on public interest, and the possibility of harm to others. See Christian Schmidt Brewing Co. v. Heilman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.1985). The district court must make findings of facts as to each of these factors, unless fewer are dispositive. In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir.1985).
 
 
 5
 First, Branham failed to demonstrate irreparable harm in the absence of the injunction. He claimed that each day the allegedly erroneous reports remain in his file he is exposed to possible harm: denial of good time credits, of parole, or of "another liberty interest." He also claimed that the loss of protected rights which he alleged in his complaint constitutes irreparable injury could be redressed after full consideration of Branham's due process and equal protection claims.
 
 
 6
 Upon consideration of the remaining factors, we conclude they were not dispositive of Branham's claim.
 
 
 7
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.